**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN ANTHONY, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) FIFTH THIRD BANK (CHICAGO), ) ) Defendant. ) | FILED: JULY 31, 2008 08CV4359 JUDGE SHADUR MAGISTRATE JUDGE SCHENKIER YM Case No. JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Steven Anthony ("Plaintiff"), by his attorneys, The Consumer Advocacy Center, P.C., states as follows for his Class Action Complaint against Fifth Third Bank (Chicago) ("Defendant").

### The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

2. Defendant is a bank that conducts business in this district.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*; and Regulation E, 12 C.F.R. § 205.1 *et seq.*

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issues occurred in this district, Plaintiff resides in this district and Defendant conducts business in this district.

## Statutory/Regulatory Authority

5.      The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq*., require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6.      Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7.      The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## Facts Related To Steven Anthony

8.      On February 22, 2008, Plaintiff used Defendant's automated teller machine ("ATM") located at 2710 N. Narragansett Ave., Chicago, IL 60639.

9.      On February 22, 2008, Defendant charged Plaintiff a $2.50 fee to withdraw money from its ATM.

10.     On February 22, 2008, the notice on the outside of Defendant's ATM stated that consumers would be charged a $2.00 fee for using the ATM.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

11.     Plaintiff incorporates herein by reference paragraphs 1-10.

12.     Plaintiff brings this Count on behalf of himself and a Class of all persons who (a) were charged a transaction fee for the use of a Fifth Third Bank automated teller machines,

located at 2710 N. Narragansett Ave., Chicago, IL 60639 (b) in an amount different from the transaction fee disclosed on the fee notice posted on the outside of the automated teller machines.

13. On information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The actual number of putative Class members is in the exclusive control of Defendant.

14. Questions of law and fact common to the putative Class predominate over any questions affecting only individual putative Class members, including:

(a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

(b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

15. Plaintiff's claims are typical of the claims of the putative Class members, including:

(a) Plaintiff and all putative Class members used an ATM operated by Defendant;

(b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

(c) Defendant illegally imposed a fee on Plaintiff and all putative Class members for their respective use of Defendant's ATMs.

16. Plaintiff will fairly and adequately protect the interests of the putative Class and Plaintiff has hired counsel able and experienced in class action litigation.

17. Questions of law or fact common to the putative Class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

18. This Court and the parties would enjoy economies in litigating common issues on a Class-wide basis instead of a repetitive individual basis.

19. The size of each putative Class member's claim is too small to make individual litigation an economically viable option.

20. No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

21. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

22. Defendant was the operator of Defendant's ATMs located at 2710 N. Narragansett Ave., Chicago, IL 60639 at all times relevant to this action.

23. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

24. Defendant disclosed a fee amount on the outside of its ATMs located at 2710 N. Narragansett Ave., Chicago, IL 60639 but charged Plaintiff and all putative Class members a different fee amount.

25.    Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative Class members for their respective use of Defendant's ATMs located at 2710 N. Narragansett Ave., Chicago, IL 60639.

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests that this Court enter judgment in his favor and against Fifth Third Bank (Chicago) and award the following:

A.    Actual and statutory damages as set forth in the EFTA and Regulation E;

B.    Attorneys' fees and costs of suit; and

C.    Such other relief as this Court deems proper.

**Plaintiff Demands A Trial By Jury**

STEVEN ANTHONY, Plaintiff,

By:    s/ Lance A. Raphael
Lance A. Raphael, One Of His Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808